PAUL L. GULICK and PATRICIA W. GULICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gulick v. Commissioner
Docket No. 16588-79.
United States Tax Court
T.C. Memo 1982-62; 1982 Tax Ct. Memo LEXIS 686; 43 T.C.M. (CCH) 490; T.C.M. (RIA) 82062; February 10, 1982. Paul I. Gulick, pro se. Jillena A. Warner, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1976 in the amount of $ 220. The issues for decision are (1) whether petitioners are entitled to a deduction as an ordinary and necessary business expense of tuition and related expenses incurred by Mr. Gulick in connection with completing the requirements for a degree in electrical and electronic engineering technology, and (2) whether petitioners *687 are entitled to deduct as ordinary and necessary business expenses amounts claimed for entertainment, tools, and supplies. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Brownsboro, Alabama, at the time of the filling of their petition in this case, filed a joint Federal income tax return for the calendar year 1976 with the Internal Revenue Service Center, Atlanta, Georgia. Paul I. Gulick (petitioner) was released from active duty by the Marine Corps in August 1975 after having served 24 years on active duty. At the time he was released from the Marine Corps, petitioner was taking courses at Alabama A & M University in electrical and electronic engineering. After his release from the Marine Corps, he became a full-time student and during 1976 was pursuing the required courses at Alabama A & M University to obtain a degree in electrical and electronic engineering technology. In December 1977 petitioner received his degree in electrical and electronic engineering technology. He had not previously had a college degree. In May 1977 petitioner obtained a position with the Spacelab program as a modification *688 and repair representative. In 1974, while he was still in the Marine Corps, petitioner bought 78 acres of land in the Huntsville, Alabama, area. He bought the land with the intent of working on it, improving it, and selling it at a profit after he was out of the Marine Corps. During 1975, petitioner did some work on the land, and in 1976 he investigated purchasing additional land and did purchase 70 additional acres. In connection with the purchase of this 70 acres, he made title searches and searched legal records and also investigated the procedure for subdividing land including the necessary surveying, roads and drainage required. During 1976, petitioner worked on developing an access road to the land, and with the help of his wife and children had completed a dirt road of approximately 330 feet by the end of 1977. Part of the road was completed by the fall of 1976. Petitioner planned in the future to subdivide the land into lots and sell lots. However, no sales were made in 1976 and as of the date of the trial of this case in late 1981 no lots had been sold from the land. Petitioner, on his Federal income tax return for 1976, claimed a deduction computed on Form 2106 *689 for employee business expenses of $ 681.42 for tuition and books, $ 49.79 for tools and supplies, $ 84 for "other" and $ 154.80 for automobile expenses. The claimed automobile expenses were in connection with driving to and from his college classes. On the Form 2106 attached to his return, petitioner stated that the reason for obtaining the additional education was "To improve my skills in my present occupation." Respondent in his notice of deficiency disallowed petitioner's claimed educational expense deduction of $ 970.01. At the trial petitioner contended that the $ 84 listed on his return as "other" and the $ 49.79 listed as "tools & supplies" should be allowed as ordinary and necessary business expenses aside from a claim for a deduction for educational expenses. [1]
*690 OPINION Section 162(a) [2] provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 1.162-5(a), Income Tax Regs., [3] provides that amounts expended for education of an individual may be deducted as ordinary and necessary business expenses if the education maintains or improves skills required by the individual in his employment or other trade or business, or meets the express requirements of the individual's employer. Petitioner does not contend that he was employed during the year 1976, but does contend that he was engaged in a trade or business of developing and selling land during that year. He states that his education in electronics and electrical technology would aid him in his trade or business in that it would help him understand the use of steel construction equipment, steel structures, reinforced concrete columns and other reinforcements used in connection with developing property. He further contends that some of his courses would be advantageous to him as a developer in ascertaining the proper locations for houses and in the construction of radio *691 and television reception facilities. Respondent contends that there are a number of reasons why petitioner is not entitled to the claimed educational expense deduction. Respondent's initial position is that petitioner was *692 not carrying on the trade or business of developing land during the year here in issue. It is respondent's position that petitioner did not engage in sufficient activities in 1976 in connection with the land he owned to constitute the carrying on of a trade or business. Respondent contends that to the extent petitioner's activities in connection with the land he owned could be considered to be business oriented, they were in preparation for entering into a trade or business of land development. On the basis of this record, we agree with respondent. Petitioner, himself, testified that he had sold none of the land at the time of the trial. He stated "I've only done the preliminary work to selling the lots. * * * I bought it with the intention of developing a business. And that's my contention." All that petitioner had done through the year 1976 with respect to the land he purchased was commence the building of an access road to the land. In addition to this work on the land, he had investigated purchasing additional land and the steps necessary for him to take in order to subdivide the land. Clearly, these activities do not constitute the carrying on of a trade or business. *693 At the most, they are activities carried on in preparation for entering into a trade or business as a developer at some future date. Preparation for entering into a trade or business is not the carrying on of a trade or business within the meaning of section 162. Richmond Television Corp. v. United States,345 F.2d 901 (4th Cir. 1965), remanded on other grounds, 382 U.S. 68 (1965). Goodwin v. Commissioner,75 T.C. 424, 433 (1980); Owen v. Commissioner,23 T.C. 377, 381 (1954); Frank v. Commissioner,20 T.C. 511 (1953). Since petitioner was not engaged in a trade or business during 1976, the educational expenses he incurred in that year were not ordinary and necessary business expenses for the purpose of improving his skills in a trade or business in which he was engaged in 1976. On this basis, we sustain respondent's disallowance of petitioner's claim educational expense deduction and therefore do not reach the arguments made by respondent that the course of study petitioner was pursuing was not proximately related to the business of real estate development and that the education petitioner was undertaking *694 qualified him for a new trade or business. Since we have concluded that petitioner was not engaged in any trade or business during the year 1976, petitioner is not entitled to the deductions claimed as business expenses for "tools & supplies" and "other." In view of our holding in this regard, we do not reach the issue raised by respondent of whether petitioner has substantiated certain of these claimed business expense deductions within the requirements of section 274. Decision will be entered for the respondent.
Footnotes
1. The $ 84 claimed by petitioner as "other" consisted of the following items; Officer's club dues
$ 20.00
Florist
10.60
New Year's entertainment
42.00
Undated receipt for liquor
11.40
$ 84.00
The items claimed for tools and supplies consisted of the following: ↩
50 foot tape
$ 10.06
Plumb bob
4.23
3/16 inch file
1.37
Unidentified tools
14.83
Unidentified tools
4.05
Unidentified tools
11.50
Maps
3.75
$ 49.79
2. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue. ↩
3. Sec. 1.162-5(a), Income Tax Regs., provides as follows: Sec. 1.162-5. Expenses for education. (a) General rule.Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.↩